UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 18-02285 SJO (AGRx)  **DATE:** June 12, 2018

**TITLE:**  Twelve Sixty, LLC et al v. Discovery, Inc. et al.

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**    **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers):  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** [Docket No. 17]

This matter is before the Court on Defendants Discovery, Inc. and Discovery Communications, LLC.'s (together, "Defendants") Motion to Dismiss ("Motion"), filed May 14, 2018. Plaintiffs Twelve Sixty, LLC., Robert J. Marderosian, and Aron M. Marderosian (collectively, "Plaintiffs") opposed the Motion ("Opposition") on May 23, 2018.[1] Defendants replied ("Reply") on May 25, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 11, 2018.  *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendants' Motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege the following in their Complaint, which was filed in this Court on March 20, 2018. (Compl., ECF No. 1.) Plaintiffs Robert J. Maderosian and Aron M. Marderosian are brothers who have worked together for almost thirty years. (Compl. ¶ 2, ECF No. 1.) Their business, Twelve Sixty, LLC., provides musical compositions and productions for use in television, motion pictures, and other media. (Compl. ¶ 2.) Plaintiffs arranged and produced a master recording of the traditional song "House of the Rising Sun". (Compl. ¶ 5.) Plaintiffs filed an application for copyright registration with the United States Copyright Office for the musical composition of "House of the Rising Sun" ("Copyrighted Material"). (Compl. ¶ 20.) The song was registered on May 31, 2016 under SR 785-194. (Compl. ¶ 20.) Defendants do not have any license to use the Copyrighted Material. (Compl. ¶ 23.)

---

[1] Per L.R. 7-9, Plaintiffs' Opposition was due no later than 21 days before the hearing date set for this motion. The Opposition was therefore due on May 21, 2018. While the Court may decline to consider the Opposition per L.R. 7-12, the Court has decided to address the Plaintiffs' Opposition in the interest of addressing its merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 18-02285 SJO (AGRx)     DATE: June 12, 2018

Defendants created and publicized, or caused to be created and publicized, commercial advertisements or other media which feature significant portions of the Copyrighted Material without Plaintiffs' authorization. (Compl. ¶ 6.) In or around February 2018, Plaintiffs became aware that Defendants consented to and allowed Eurosport to use and infringe upon the Copyrighted Material. (Compl. ¶ 22.) Defendants conspired with Eurosport to continue using the Copyrighted Material. (Compl. ¶ 22.) Defendants owned and controlled Eurosport which constitutes control over the alleged infringement. (Compl. ¶ 21.) Defendants have infringed on the Copyrighted Material in violation of 17 U.S.C. §§ 106 and 501. (Compl. ¶ 26.) Defendants authorized, understood, and enabled one another to use Plaintiffs' song, and Plaintiffs believe, "on information and belief", that Defendants have benefitted from the illegal exploitation of the Copyrighted Material. (Compl. ¶¶ 35-36.) The acts of infringement occurred in the State of California. (Compl. ¶ 10.) Defendants' conduct caused enormous and irreparable harm to Plaintiffs. (Compl. ¶ 7.)

II.     DISCUSSION

   1.     Legal Standard

Under Rule 12(b)(6), an action may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate if the plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *see also Twombly* at 555 (requiring "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015).

   2.     Analysis

Plaintiffs allege two causes of action in the Complaint: (1) copyright infringement in violation of 17 U.S.C. §§ 106 and 105; and (2) civil conspiracy. (*See generally* Compl.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 18-02285 SJO (AGRx)**           DATE: **June 12, 2018**

      A.      <u>Copyright Infringement</u>

Plaintiffs allege Defendants have infringed on the Copyrighted Material. (Compl. ¶ 26.) To prevail on a claim for copyright infringement, Plaintiffs must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."[2] *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). A plaintiff can establish copying by showing: (1) the defendant had access to the plaintiff's work and (2) that the two works are substantially similar. *Id.* Proof of access requires an opportunity to view or to copy plaintiff's work. *Id.*

While Plaintiffs state that Defendants "have created and publicized, or caused to be created or publicized, advertisements" or media featuring significant portions the Copyrighted Material (Compl. ¶ 6), nowhere in the Complaint do they allege that the Defendants had access to the Copyrighted Material. Plaintiffs offer no facts as to how Defendants copied the Copyrighted Material or how the advertisements or other media allegedly created by Defendants is substantially similar to the Copyrighted Material. Plaintiffs merely reiterate throughout the Complaint that Defendants have infringed in a "willful, intentional and purposeful...[and indifferent]" manner. (Compl. ¶ 27.) Without more facts to show how Defendants have copied the Copyrighted Material or how their media is substantially similar to the Copyrighted Material, the Plaintiffs' allegations are merely conclusory statements. The Court therefore need not take them as true when evaluating this Motion. *See In re Gilead* at 1055.

Plaintiffs do allege that Defendants "owned and controlled Eurosport" and that they allowed Eurosport to use and infringe upon the Copyrighted Material. (Compl. ¶¶ 21-22.) Eurosport is not a defendant in this case. It is unclear what cause of action Plaintiffs are alleging with these facts. However, the Court must construe the Complaint liberally in favor of the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Therefore, the Court assumes that Plaintiffs intended to allege a theory of secondary liability. For secondary infringement liability, Plaintiffs would have to bring a claim for either contributory infringement liability or vicarious infringement liability. "One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citations omitted). However, secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007). The Court must therefore analyze Eurosport's potential infringement as pleaded in the Complaint.

---

    [2] Defendants argue that Plaintiffs do not allege any infringing conduct occurring within the United States. (Mot. 3-4.) While Plaintiffs do state that acts of infringement occurred within the state of California, as described below, it is unclear whether and how any infringement has occurred, much less infringement in California.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 18-02285 SJO (AGRx)</u>          DATE: <u>June 12, 2018</u>

When ruling on a Motion to Dismiss, the Court may consider the Complaint, documents attached to the complaint, documents incorporated by reference in the Complaint, or matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents may be incorporated into the Complaint by reference if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *Id.*

Plaintiffs do not mention who or what Eurosport is anywhere in the Complaint or in any supporting exhibits. (*See generally* Compl.) Plaintiffs also fail to mention how Eurosport had access to the Copyrighted Material or copied substantial parts of it to constitute copyright infringement. In fact, other than stating that Eurosport "use[d] and infringe[d] upon" the Copyrighted Material, Plaintiffs do not mention Eurosport anywhere else in the Complaint. (*See generally* Compl.) Plaintiffs thus failed to allege sufficient facts to establish direct infringement by Eurosport. Consequently, Plaintiffs have failed to allege sufficient facts that would support any theory of secondary liability against Defendants. Accordingly, Plaintiffs' claims for copyright infringement must be dismissed.

        B.    <u>Civil Conspiracy</u>

Plaintiffs also allege Defendants conspired with one another to wrongfully exploit Plaintiffs' Copyrighted Material. (Compl. ¶ 34.) However, the Copyright Act preempts certain state law claims. To determine whether a state law claim is preempted by the Copyright Act, the Ninth Circuit looks to see if: (1) the rights that a plaintiff asserts under state law are equivalent to those protected by the Copyright Act and (2) the work involved must fall within the "subject matter" of the Copyright Act. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). To form their civil conspiracy claim, Plaintiffs largely just reiterate conclusory statements that Defendants conspired with one another and "authorized...and enabled" one another to exploit the Copyrighted Material. (Compl. ¶ 35.) The basis for Plaintiffs' conspiracy claim seems to be substantially the same as for their copyright claim, *i.e.* Defendants infringed upon or helped Eurosport infringe upon the Copyrighted Material. "The Copyright Act already 'recognizes the concepts of contributory infringement and vicarious copyright infringement.... In light of these concepts, which extend joint and several liability to those who participate in the copyright infringement ... [a] civil conspiracy claim does not add substantively to the underlying federal copyright claim and should therefore be preempted.'" *Benke v. Departure Agency, Inc.*, No. CV 11-397-VBF(VBKX), 2011 WL 13129964, at *2 (C.D. Cal. Aug. 11, 2011). The Copyright Act thus preempts the civil conspiracy claim, and it must also be dismissed.

III.    <u>RULING</u>

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

\_\_ : \_\_

**CASE NO.:** <u>CV 18-02285 SJO (AGRx)</u>  **DATE:** <u>June 12, 2018</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiffs may file an amended Complaint within ten (10) days of the date of this Order. Defendants must respond ten (10) days thereafter.

IT IS SO ORDERED.